# N. Y. SUPERIOR COURT.

GEORGE P. ROWELL and CHARLES N. KENT agt. WILLIAM M. GILES and EDWARD C. JENKINS.

*Reference — Complaint — Account stated and settled.*

Where the complaint is so framed that the plaintiff must recover, if at all, upon an account stated, although a number of items entered into such account, an order of reference is unauthorized.

The only·proof necessary or proper in such a case must relate simply to and must establish the liquidation and settlement of the amount of defendants' liability at the date when such statement and settlement are claimed to have been made.

The case does not require the "examination" of the account containing the items which entered into such account, thus alleged to have been stated and settled, but only the determination of the issue as to whether such account was or was not stated and settled·in the manner and to the extent alleged in the complaint.

*Special Term, June,* 1877.

MOTION for an order of reference.

*Evarts, Southmayd & Choate,* for plaintiffs.

*George Owen,* for defendants.

SANFORD, *J.* — The complaint seems to have been framed upon the theory that, under the contract between the parties, the defendants had become absolutely liable for a specified amount, payable, by installments, at specified periods, before the modification of such contract by adding to such amount

Rowell agt. Giles.

a separate sum due from defendants to plaintiffs, and the delivery to plaintiffs of defendants' promissory notes for a large part of such aggregate amount, was effected. The allegation is, in substance, that, on the 9th day of September, 1875, an accounting and settlement was had between the parties, in respect to the amount payable under the contract, which was thereupon ascertained, fixed and agreed upon as $13,840.56; that defendants being also then and there indebted to plaintiffs in the further sum of $4,537.24 upon another account, it was agreed, by and between the parties, that the aggregate of defendants' liabilities, viz., $18,377.80, should be paid as follows: by notes (since paid), $10,180.78, and the residue, viz., $8,197.02, in seven monthly installments of $1,171 each, commencing on the 8th day of December, 1876; that thereby, and by means of the promises, the said account became stated and settled, and defendants became and were, and still are, duly indebted to plaintiffs in the respective-amounts so agreed upon, except as the same have been discharged by payment as stated.

There is no averment in the complaint that, under the original contract, the plaintiffs promised or agreed that the defendants' advertisement should be actually published in the newspapers specified, nor is it alleged that such publication has been made. The action is not brought, therefore, to recover for work, &c., done and performed, or procured to be done and performed, at an agreed price; and proof of such performance would, under the pleadings, be neither requisite or competent. No such cause of action is alleged. The plaintiffs must recover, if at all, upon an account stated, and the only proof necessary or proper in support of it must relate simply to and must establish the liquidation and settlement of the amount of defendants' liability at the date when such statement and settlement are claimed to have been made. With respect to the items which entered into such account, thus alleged to have been stated and settled, there is no controversy before the court. The case does not require the

Rowell agt. Giles.

" examination " of the account containing them, but only the determination of the issue as to whether such account was or was not stated and settled in the manner, and to the extent alleged in the complaint.

I am of opinion that the case is substantially the same as it would have been had promissory notes been given for the several installments ; and had the suit been instituted upon such promissory notes, in such case a reference would have been unauthorized. If the account was, in fact, stated and settled, as alleged, there is no more occasion to examine it than there would be if notes had been given for the amount found to be due.

The motion is denied, with ten dollars costs.